IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD L. BENISH, | ) | 4:10CV3241 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director | ) | |
| Nebraska Department of Correctional | ) | |
| Services, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court.  Petitioner set forth twelve claims in his Petition.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One[1]:     Petitioner was convicted in violation of the Fourth Amendment because the arresting officers did not have probable cause to arrest him.

Claim Two:        Petitioner was convicted in violation of the Fifth Amendment's privilege against self-incrimination because his statement to law enforcement officers was not made knowingly, voluntarily, and intelligently.

---

[1]Claim One includes the allegations set forth in the Petition as Grounds One and Eleven.  (Filing No. 1 at CM/ECF pp. 7-8; 25.)

Claim Three:        Petitioner was convicted in violation of his right to due process because the trial court admitted evidence without "proper identification" and without establishing the evidence's chain of custody.

Claim Four:         Petitioner was convicted in violation of his right to due process because the trial court refused to grant Petitioner a new trial after jurors saw him in leg irons.

Claim Five[2]:      Petitioner was convicted in violation of his right to due process because the prosecution committed misconduct when it (1) presented evidence of a receipt that was not properly inventoried; (2) charged Petitioner as a habitual criminal; (3) deprived the defense of exculpatory evidence; (4) used a confidential informant "contrary to state statutes"; and (5) failed to disclose a conflict of interest between defense counsel and the confidential informant.

Claim Six:          Petitioner was convicted in violation of his right to due process because the trial court bolstered the testimony of the State's witnesses with inappropriate judicial commentary.

---

[2]Claim Five includes the allegations set forth in the Petition as Ground Five and Ground Twelve, Parts 5, 6, and 12. (Filing No. 1 at CM/ECF pp. 16; 26.)

2

Claim Seven[3]:      Petitioner was convicted in violation of his right to due process because the prosecution failed to produce proof beyond a reasonable doubt of every element of the charged offense.

Claim Eight[4]:      Petitioner received the ineffective assistance of counsel in violation of the Sixth Amendment because his trial counsel failed to (1) object to prejudicial testimony regarding uncharged car thefts; (2) file motions in limine to exclude testimony; (3) call Petitioner as a witness at the hearing on the motion to suppress; (4) perform pretrial discovery; (5) meet with Petitioner prior to trial; (6) move for a mistrial after Petitioner was seen by the jury in leg irons; (7) object to prosecutorial misconduct during closing arguments; (8) make timely objections; (9) file timely and appropriate motions; (10) perfect an appeal; (11) adequately prepare for trial; (12) secure copies of Petitioner's taped interview; and (13) disclose a conflict of interest between trial counsel and the confidential informant.

Claim Nine:      Petitioner was convicted in violation of his right to due process because there was insufficient evidence to convict him as a habitual criminal.

---

[3]Claim Seven includes the allegations set forth in the Petition as Ground Seven and Ground Twelve, Part 2.  (Filing No. 1 at CM/ECF pp. 20; 26.)

[4]Claim Eight includes the allegations set forth in the Petition as Grounds Eight and Thirteen.  (Filing No. 1 at CM/ECF pp. 22; 28.)

3

Claim Ten:        Petitioner received an excessive sentence in violation of the Eighth Amendment.

Claim Eleven:     In addition to the due process violations set forth above, Petitioner also alleges that he was convicted in violation of his right to due process for the following reasons: (1) Petitioner was denied his right to an attorney, despite requesting one numerous times; (2) the trial judge was biased against Petitioner; (3) the trial judge testified at a pretrial hearing on behalf of the prosecution; (4) the trial court allowed "testimony of uncharged and unsubstantiated conduct implied to be that of [Petitioner]"; (5) the trial court and the prosecution engaged in ex parte communication; (6) the prosecution did not produce copies of Petitioner's taped interview; (7) Petitioner was forced into making incriminating statements; (8) the trial court did not admonish the jury after the jury saw Petitioner in leg irons; and (9) Petitioner's right to a fair and impartial trial were violated when a conflict of interest between trial counsel and the confidential informant was disclosed and he was not given the opportunity to waive the conflict or retain new counsel.

4

Claim Twelve[5]:    Petitioner received the ineffective assistance of counsel in violation of the Sixth Amendment because his appellate counsel failed to "preserve the record and issues necessary for a direct appeal."

Liberally construed, the court preliminarily decides that all twelve of Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1.    Upon initial review of the Petition (filing no. 1), the court preliminarily determines that all twelve of Petitioner's claims are potentially cognizable in federal court.

2.    The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition to Respondents and the Nebraska Attorney General by regular first-class mail.

3.    By February 18, 2011, Respondent shall file a motion for summary judgment or, in the alternative, state court records in support of an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: February 18, 2011: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

---

[5]Claim Twelve includes the allegations set forth in the Petition as Ground Thirteen, Part 4. (Filing No. 1 at CM/ECF p. 28.)

4.      If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

A.      The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B.      The motion for summary judgment shall be supported by such state court records as are necessary to support the motion.  Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.      Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief shall be served upon Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in the Respondent's brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment.  Petitioner shall submit no other documents unless directed to do so by the court.

E.      No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.  In the event that the

6

Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.  If the motion for summary judgment is denied, Respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner**.

5.  If Respondent elects to file an answer, the following procedures shall be followed by Respondent and Petitioner:

A.  By February 18, 2011, Respondent shall file <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B.  No later than 30 days after the filing of the relevant state court records, Respondent shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state

remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.  *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.      Copies of the answer, the designation, and Respondent's brief shall be served upon the petitioner at the time they are filed with the court *except* that Respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in Respondent's brief.  In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response.  Petitioner shall submit no other documents unless directed to do so by the court.

E.      No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.    The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 21, 2011: check for respondent to file answer and separate brief.

6.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 5th day of January, 2011.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

_____

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.