IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD L. BENISH, | ) | 4:10CV3241 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner Richard L. Benish's ("Benish" or "Petitioner") Petition for Writ of Habeas Corpus. (Filing No. 1.) Liberally construing the allegations of Benish's Petition, Benish argues that he is entitled to writ of habeas corpus based on the following claims:

> Claim One: Petitioner was convicted in violation of the Fourth Amendment because the arresting officers did not have probable cause to arrest him.
>
> Claim Two: Petitioner was convicted in violation of the Fifth Amendment's privilege against self-incrimination because his statement to law enforcement officers was not made knowingly, voluntarily, and intelligently.
>
> Claim Three: Petitioner was convicted in violation of his right to due process because the trial court admitted evidence without "proper identification" and without establishing the evidence's chain of custody.
>
> Claim Four: Petitioner was convicted in violation of his right to due process because the trial court refused to grant Petitioner a new trial after jurors saw him in leg irons.
>
> Claim Five: Petitioner was convicted in violation of his right to due process because the prosecution committed misconduct

|||
|---|---|
| | when it (1) presented evidence of a receipt that was not properly inventoried, (2) charged Petitioner as a habitual criminal, (3) deprived the defense of exculpatory evidence, (4) used a confidential informant "contrary to state statutes," and (5) failed to disclose a conflict of interest between defense counsel and the confidential informant. |
| Claim Six: | Petitioner was convicted in violation of his right to due process because the trial court bolstered the testimony of the State's witnesses with inappropriate judicial commentary. |
| Claim Seven: | Petitioner was convicted in violation of his right to due process because the prosecution failed to produce proof beyond a reasonable doubt of every element of the charged offense. |
| Claim Eight: | Petitioner received the ineffective assistance of counsel in violation of the Sixth Amendment because his trial counsel failed to (1) object to prejudicial testimony regarding uncharged car thefts, (2) file motions in limine to exclude testimony, (3) call Petitioner as a witness at the hearing on the motion to suppress, (4) perform pretrial discovery, (5) meet with Petitioner prior to trial, (6) move for a mistrial after Petitioner was seen by the jury in leg irons, (7) object to prosecutorial misconduct during closing arguments, (8) make timely objections, (9) file timely and appropriate motions, (10) perfect an appeal, (11) adequately prepare for trial, (12) secure copies of Petitioner's taped interview, and (13) disclose a conflict of interest between trial counsel and the confidential informant. |
| Claim Nine: | Petitioner was convicted in violation of his right to due process because there was insufficient evidence to convict him as a habitual criminal. |

| | |
|---|---|
| Claim Ten: | Petitioner received an excessive sentence in violation of the Eighth Amendment. |
| Claim Eleven: | In addition to the due process violations set forth above, Petitioner also alleges that he was convicted in violation of his right to due process for the following reasons: (1) Petitioner was denied his right to an attorney, despite requesting one numerous times, (2) the trial judge was biased against Petitioner, (3) the trial judge testified at a pretrial hearing on behalf of the prosecution, (4) the trial court allowed "testimony of uncharged and unsubstantiated conduct implied to be that of [Petitioner]," (5) the trial court and the prosecution engaged in ex parte communication, (6) the prosecution did not produce copies of Petitioner's taped interview, (7) Petitioner was forced into making incriminating statements, (8) the trial court did not admonish the jury after the jury saw Petitioner in leg irons, and (9) Petitioner's right to a fair and impartial trial were violated when a conflict of interest between trial counsel and the confidential informant was disclosed and he was not given the opportunity to waive the conflict or retain new counsel. |
| Claim Twelve: | Petitioner received the ineffective assistance of counsel in violation of the Sixth Amendment because his appellate counsel failed to "preserve the record and issues necessary for a direct appeal." |

(Filing No. 8 at CM/ECF pp. 1-5.)  For the reasons set forth below, Benish's Petition is dismissed with prejudice.

# I.  BACKGROUND

## A.  Benish's Conviction and Direct Appeal

On May 11, 2005, a jury found Benish guilty of theft by receiving stolen property and criminal possession of a financial transaction device. (Filing No. 11-1, Attach. 1, at CM/ECF p. 46.)  The Nebraska Court of Appeals reported the lengthy factual and procedural background underlying Benish's conviction in *State v. Benish*, No. A-05-962 (Neb. Ct. App. Aug. 2, 2006), and the court will not repeat it here. (Opinion available at Filing No. 11-1, Attach. 1, at CM/ECF pp. 1-31.)

Benish timely appealed his convictions and sentences to the Nebraska Court of Appeals, raising some of the claims he now raises in his Petition.  The Nebraska Court of Appeals affirmed Benish's convictions and sentences in a detailed opinion. (*Id.*)  Thereafter, Benish sought further relief from the Nebraska Supreme Court in a petition for further review, which the Nebraska Supreme Court denied.  (Filing No. 11-4, Attach. 4, at CM/ECF p. 2.)

## B.  Benish's Post-Conviction Motion and Appeal

Benish filed a pro se motion for post-conviction relief ("post-conviction motion") in the Douglas County District Court on April 20, 2007. (Filing No. 25-17, Attach. 17, at CM/ECF p. 36 to Filing No. 25-19, Attach. 19, at CM/ECF p. 72.)  Benish's pro se motion was superseded by an amended verified motion for post-conviction relief ("amended post-conviction motion") filed by his post-conviction counsel.  (Filing No. 25-21, Attach. 21, at CM/ECF pp. 23-27.)  Benish raised some of the claims he now raises in his Petition in his amended post-conviction motion.

The Douglas County District Court denied Benish's amended post-conviction motion on October 19, 2009.  (Filing No. 11-3, Attach. 3, at CM/ECF pp. 18-22.)

Benish timely appealed the denial to the Nebraska Court of Appeals, which also denied relief. *State v. Benish*, No. A-09-1137 (Neb. Ct. App. Jun. 16, 2010) (available at Filing No. 11-3, Attach. 3, at CM/ECF pp. 1-8.) Thereafter, Benish sought further relief from the Nebraska Supreme Court in a petition for further review, which the Nebraska Supreme Court denied. (Filing No. 11-4, Attach. 4, at CM/ECF p. 5.)

### C.   Benish's Petition for Writ of Habeas Corpus

On December 17, 2010, Benish timely filed his Petition in this court. (Filing No. 1.) Thereafter, he filed a Brief in support of his Petition. (Filing No. 29.) In response to Benish's Petition, Respondent filed an Answer, two Briefs, and the relevant State Court Records. (Filing Nos. 11, 12, 13, 25, and 30.) In light of these filings, the court deems this matter fully submitted.

## II.  PROCEDURALLY DEFAULTED CLAIMS

In order for the court to address the merits of any one of Benish's twelve claims, he must have exhausted the remedies available to him in the Nebraska state courts. *See* 28 U.S.C. § 2254(b)(1). As set forth below, Benish failed to exhaust most of his claims in the Nebraska state courts and, because the claims are now barred from presentation in the Nebraska state courts, they are procedurally defaulted.

### A.   Requirement of Exhaustion

As set forth in 28 U.S.C. § 2254(b)(1):

> (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

>   (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)   (i)   there is an absence of available State corrective process; or
>
>         (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. Id. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454-55 (8th Cir. 2005). Further, in order to fairly present a federal constitutional claim to the state courts, the petitioner must "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue. Presenting a claim that is merely similar to the federal habeas claim is not sufficient

to satisfy the fairly presented requirement." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir.), *cert. denied*, 546 U.S. 844 (2005) (internal quotation marks and citations omitted).

Moreover, where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and issues a "'plain statement' that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition") (quotations omitted). However, the

7

state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted).

**B.   Claims One, Two, Seven, and Ten**

Benish did not "fairly present" Claims One, Two, Seven, or Ten to the Nebraska Supreme Court. While Benish arguably raised these claims in his brief to the Nebraska Court of Appeals on direct appeal (*see* Filing No. 11-2, Attach. 2, at CM/ECF pp. 22-23), it is clear that he did not raise them in his petition for further review to the Nebraska Supreme Court (*see id.* at CM/ECF p. 69).[1]  As set forth above, Benish must have presented the claims in "one complete round" in the Nebraska state courts in order to meet the requirements of 28 U.S.C. § 2254(b)(1). *See O'Sullivan*, 526 U.S. at 845. He failed to do so. Moreover, Benish is procedurally barred from raising these claims in a motion for post-conviction relief because they were litigated on direct appeal. *See Hall*, 646 N.W.2d at 579. As such, Claims One, Two, Seven, and Ten are procedurally defaulted.

**C.   Claims Three, Four, Five, Six, Nine, and Eleven**

Benish did not raise Claims Three, Four, Five, Six, Nine, or Eleven as federal constitutional claims in the Nebraska state courts. Benish raised claims on direct appeal that were very similar to these claims (*see* Filing No. 11-2, Attach. 2, at CM/ECF pp. 15-64), but the claims Benish raised in state court did not "refer to a specific federal constitutional right, a particular constitutional provision, a federal

---

[1] Under Nebraska law, the Nebraska Supreme Court "will not consider errors [that] are not properly assigned in a petition for further review and discussed in the supporting memorandum brief." *Steele v. Sedlacek*, 626 N.W.2d 224, 229 (Neb. 2001).

constitutional case, or a state case raising a pertinent federal constitutional issue." *Cox*, 398 F.3d at 1031. In addition, Benish is now procedurally barred from raising these claims in a motion for post-conviction relief because they could have been litigated on direct appeal. *See Hall*, 646 N.W.2d at 579. For these reasons, Claims Three, Four, Five, Six, Nine, and Eleven are procedurally defaulted.

### D.   Claim Eight, Parts 3, 4, and 5

Benish raised Claim Eight, Parts 3, 4, and 5, on direct appeal, but the Nebraska Court of Appeals determined the record was insufficient to address the claims. (Filing No. 11-1, Attach. 1, at CM/ECF pp. 23-26.) As such, in order to properly raise these claims in the Nebraska state courts, Benish needed to again raise the claims in his post-conviction motion to the Douglas County District Court. *See State v. Kellogg*, 633 N.W.2d 916, 920 (Neb. Ct. App. 2001) ("While claims of ineffective assistance of counsel raised for the first time on direct appeal, as this is, do not require dismissal ipso facto, the determining factor is whether the record is sufficient to adequately review the question.") However, Benish did not do so. Moreover, he is barred from raising the claims in a future post-conviction motion. *See Hall*, 646 N.W.2d at 579. As such, Claim Eight, Parts 3, 4, and 5, are procedurally defaulted.

### E.   Claim Eight, Part 6, and Claim 12

Benish raised Claim Eight, Part 6, and Claim Twelve in his amended post-conviction motion. However, the Douglas County District Court did not address the merits of these claims because it determined that Benish had set forth mere conclusions of law without sufficient facts to support his claims. (Filing No. 11-3, Attach. 3, at CM/ECF pp. 21-22.) On appeal, the Nebraska Court of Appeals agreed that Benish had not set forth sufficient facts to warrant review of the claims, stating that:

> We have reviewed the record and Benish's amended postconviction motion and find no error in the district court's decision. Benish's brief is vague and generally incomprehensible. He does not specifically assign errors which he argues and does not specifically argue assigned errors. *See State v. Thompson*, 278 Neb. 320, 770 N.W.2d 598 (2009) (an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.) Benish's amended motion states only conclusions of law and contains no factual references to support any of his postconviction claims.

(Filing No. 11-3, Attach. 3, at CM/ECF p. 7.)

In light of these findings by the Nebraska state courts, this court finds that Benish did not fairly present Claim Eight, Part 6, or Claim Twelve in the Nebraska state courts. Because Benish cannot now raise these claims in a post-conviction motion, they are procedurally defaulted. *See Hall*, 646 N.W.2d at 579.

**F.   Claim Eight, Parts 7 through 13**

Benish did not raise Claim Eight, Parts 7 through 13, on direct appeal. (*See* Filing No. 11-2, Attach. 2, at CM/ECF pp. 22-23.) He later raised some parts of these claims in his post-conviction motion, but the Douglas County District Court determined that the claims were procedurally barred because he had not raised them on direct appeal. (Filing No. 11-3, Attach. 3, at CM/ECF pp. 21-22.) *See Hall*, 646 N.W.2d at 579. Accordingly, Claim Eight, Parts 7 through 13, are procedurally defaulted because Benish failed to follow applicable procedural rules in presenting the claims, and also because he cannot now raise them in a post-conviction motion. *See Id.*

10

## G. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice.[2] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner.").

Benish's brief in this matter is incredibly difficult to decipher. As best as the court can tell, Benish attempts to demonstrate cause for the default of his claims by arguing that his post-conviction counsel was ineffective. Specifically, Benish argues that counsel filed an amended post-conviction motion that superseded Benish's pro se post-conviction motion, but the amended motion did not incorporate all of the arguments that Benish had raised in his pro se motion.

Benish's argument is not persuasive. There is no right to counsel in state post-conviction proceedings and, "[w]here there is no constitutional right to counsel[,]"

---

[2]Benish has not argued that the court's failure to consider his procedurally-defaulted claims will result in a fundamental miscarriage of justice. Regardless, in order for Benish to invoke the fundamental-miscarriage-of-justice exception, he would have to "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). Benish has not done so.

there can be no right to effective assistance of counsel." *Pollard v. Delo*, 28 F.3d 887 (8th Cir. 1994) (citing *Wainright v. Torna*, 455 U.S. 586 (1982)). In other words, because there is no right to effective assistance of counsel in state post-conviction proceedings, ineffective assistance of counsel cannot serve as "cause" for Benish's defaulted claims. *See Id.* As such, the following claims are dismissed because they are procedurally defaulted and Benish has not shown sufficient cause to excuse the procedural default: One, Two, Three, Four, Five, Six, Seven, Eight (Parts 3 through 13), Nine, Ten, Eleven, and Twelve.

### III. CLAIM EIGHT, PARTS 1 AND 2

Because Benish fairly presented the substance of Claim Eight, Parts 1 and 2, to the Nebraska state courts, this court will address the merits of these claims.

**A.   Standard of Review Under 28 U.S.C. § 2254(d)**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. 529 U.S. at 405. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the

12

state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court recently noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id.* In short, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit recently clarified what it means for a claim to be adjudicated on the merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the
> merits by a state court is not an entitlement to a well-articulated or even

> a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (quotations and citations omitted). The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do "so regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.* The Supreme Court agrees, recently stating:

> There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 131 S. Ct. at 784.

**B.     *Strickland* Standard**

On direct appeal, the Nebraska Court of Appeals addressed Claim Eight, Parts 1 and 2, on the merits under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000 (8th Cir. 1991).

The first prong of the *Strickland* test requires that the petitioner demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review, the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 690.

Additionally, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and "leeway," which presents a "substantially higher threshold" for a federal habeas petitioner to overcome. As stated in *Knowles*:

15

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro*, *supra*, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

### C. State Court Findings

In Claim Eight, Parts 1 and 2, Benish argues that his trial counsel was ineffective for failing to object to prejudicial testimony regarding uncharged car thefts and file motions in limine to exclude testimony about the uncharged car thefts. The Nebraska Court of Appeals rejected Benish's argument, finding as follows:

> Benish argues that trial counsel was ineffective by failing to file motions in limine to exclude evidence of Benish's prior criminal conduct and other uncharged criminal conduct, and that counsel failed to make objections when such testimony was elicited at trial. Benish argues that the State asked Bjorgaard "if this was the first time that Richard Benish had tried to sell him stolen vehicles" and cites to page 295, lines 7 through 9 of the record. (Brief for appellant at 41.) However, the actual question posed by the State at trial was, "Was this the first time that Richard Benish had tried to sell you newer vehicles?" Bjorgaard's preliminary testimony before the question at issue regarded Benish offering to sell the Escalade to Bjorgaard for $400 to $500. We quote the following questions, to which Benish claims counsel should have objected:

16

>    Q. And at that point, did you bring up the paperwork for the car?
>    A. Not that particular car, I didn't.
>    Q. Was this the first time that Richard Benish had tried to sell you newer vehicles?
>    A. No, it isn't.
>    Q. So you've had this conversation before?
>    A. Yes.
>    Q. On this particular date on the 12th, did the defendant ever indicate to you that he can make this car legal?
>    A. He had commented on how I could get plates and drive around with it licensed, yes.
>
> Clearly, there was a question regarding the sale of other cars, but there was no mention that such other cars were stolen. This line of questioning clearly switched to the Escalade as indicated by the use of the term "this car." Therefore, there was no basis for objection and the claim of ineffectiveness in this regard is without merit.

(Filing No. 11-1, Attach. 1, at CM/ECF pp. 24-25.)

After the Nebraska Court of Appeals rejected Benish's argument, Benish petitioned the Nebraska Supreme Court for further review of this issue, and his petition was denied. (Filing No. 11-4, Attach. 4, at CM/ECF p. 2.)

### D.   Deference

The foregoing findings of fact and conclusions of law regarding Clam Eight, Parts 1 and 2, are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. The Nebraska Court of Appeals reviewed all of the evidence and determined, based on *Strickland* and other federal and state law, that Benish's trial counsel's performance was not deficient. The court agrees.

17

The court has carefully reviewed the record in this matter and finds that the Nebraska state court decisions are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Benish has not submitted any evidence, let alone clear and convincing evidence, that the Nebraska Court of Appeals was incorrect in any of its factual determinations. 28 U.S.C. § 2254(e)(1). The grant of a writ of habeas corpus is not warranted on these issues because the Nebraska state courts correctly applied *Strickland* and other federal law.

IT IS THEREFORE ORDERED that: Petitioner Benish's Petition (filing no. 1) is dismissed with prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 30th day of September, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.